Mr. Justice Moore
delivered the opinion of the Court.
*155 This action was commenced by the district attorney of the Second Judicial District to abate a nuisance allegedly existing on premises located at 1644 Glenarm Place in Denver. Edelweiss, Inc., is the lessee occupying said real estate and Midland Federal Savings and Loan Association is the owner of the property. The action was commenced pursuant to provisions of C.R.S. ’53, 39-15-1, et seq.
During the trial before the district court the district attorney called nineteen witnesses and, in addition thereto, cross-examined Sam Calvaresi, who was the manager of Edelweiss, Inc. In general, the evidence disclosed that on numerous occasions police officers arrested women and accused them of solicitation on the premises for prostitution; that prostitutes made the premises a place for contacting customers; and that the premises were notoriously reputed to be a place where prostitutes were to be found. The only witness called by Edelweiss, Inc., was Mr. Calvaresi, the manager. It was stipulated that the owner of the real estate had no knowledge of conditions existing in connection with the operation of the premises.
The trial court found, inter alia, “ * * * that the premises in question constitute a nuisance under the statute, and orders abatement of same.” The judgment of the court directed that:
“It is further ordered by the Court that Sam’s Ko-Ko Club, located at 1644 Glenarm Place, Denver, Colorado be closed, padlocked and not open for business after July 26, 1963 at six o’clock P.M. unless a stay of execution is procured from the Supreme Court.”
The only ground alleged by Edelweiss, Inc., for reversal of the judgment is that, “The findings and judgment of the trial court are unsupported by the evidence.”
We have read the entire record, which contains 660 folios, and find ample evidence to support the findings of the trial court. No good purpose would be served by setting forth in detail the testimony of the numerous *156 witnesses which led the trial court to the conclusion that the responsible manager of Edelweiss, Inc., knew'.or should have known what was going on in the premises. The facts of this case are comparable to those disclosed in the cases of Gregg v. People, 65 Colo. 390, 176 Pac. 483, and Gaskins v. People, 84 Colo. 582, 272 Pac. 662, in each of which an order of abatement was upheld by this court.
The judgment, accordingly, is affirmed.
Mr. Justice Day and Mr. Justice Frantz not participating.